IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

APR 13 PM 1:46

| | |
|---|---|
| CORLINE ALLEN, LORENZO AGUIRRE, THEOTIS ANDERSON, GERARDO AVALOS, CESAR AVILA, RODNEY ABRON, KAREY DON ACY, GILBERTO ALBITER, MANUEL ALFARO, FRANCISCO BAEZA, JOSEPH BAKER, JR., TOM BEASLEY, OSCAR BELL, RENALDO BELL, RICHARD BERRY, RAYMOND BICKERDIKE, JIMMY W. BLACK, SELAH BLACK, GABRIEL BORUNDA, MICHAEL BOWIE, DONALD BRIGHT, JOE BROOKS, WILLIE BROOKS, CLIFTON BROUSSARD, KEITH BROWN, DONALD BRYANT, CASIANO BUENO, GREGORY BUCKNER, RONNIE BUSSELL, CARLOTTA BUTLER, MARCUS CAIN, TODD CAMP, ARTURO CARDENAS, MAURILLO CARDENAS, ELIAS CARTER, HERMAN CARTER, CHARLES CATO, JOHANA CHACON, WILLIAM CHALK, ALLAN CLARK, JOHNNY COATS, THERMAN COBB, IRA COFER, CHARLES COLEMAN, MARK COOK, KATO COOPER, EDUARDO CORDOVA, GARY CRAWFORD, RAYMOND CROSS, SR., LEWIS CUMBY, JERRY DANIELS, JIMMIE DAVIS, ELIOT DAYE, ROBERTO DELGADO, JOHN A. DEWS, SHIRLEY DIXON, RUDY E. DOTSON, HENRY DOUGLAS, THURMAN DUNCAN, CAMERON DUNLAP, ADAM DURAN, JUAN DURAN, ROBERT EARL, ROBERT G. EDWARDS, DEDRICK ELLIOTT, SR., ROLAND ELLIOTT, WARREN A. ELLIS, SR., CALVIN ELLISON, IVERY ENGLISH, CORTESS EVANS, RICKY FEATHERSTON, JUAN J. FLORES, LEOCADIO FLORES, PASCUAL FLORES, DERIC FOLKS, CHARLES L. FOMBY, JOHNNY FONZA, DEXTER FOSTER, RUBY FRAZIER, JAMES FULLER, FIDEL GALAVIZ, MIGUEL GALLEGOS, DOLORES GARCIA, JOSE GARCIA, MANUEL GARCIA, CLIFFORD GARDNER, JOHN A. GARDNER, DAVID L. GARRETT, GREGORIO GARZA, DOMINGO GODINES, JR., JESUS GODINES, FELIX | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § <br><br>CIVIL ACTION NO. 2-06CV-158 TJW<br><br>JURY |

| | |
|---|---|
| GOMEZ, JOSE GOMEZ, JUAN A GONZALES, | § |
| JUAN J. GONZALEZ, JAMES CLIFFORD | § |
| GOODWIN, ALBERT GRIFFIN, PATSY | § |
| GRIFFIN, GEORGE HALL, GROVER HALL, | § |
| ERIC HAMBRICK, AMOS HARMON, JR., | § |
| WILMER J. HARMON, WILLIE HARRIS, | § |
| NATHANIEL HAWKINS, DENNIS HAWLEY, | § |
| JIMMY RAY HEAD, PAYTON C. HENDERSON, | § |
| AGAPITO HERNANDEZ, JUAN HERNANDEZ, | § |
| JEFFREY HITT, WILLIE HOWARD, KELLY HUMBER, | § |
| MARCUS HURD, BENNIE JACKSON, JOHN | § |
| JACOBS, WALTER JAMES, JR., WILL | § |
| JENKINS, ANNIE FAYE JOHNSON, ARON | § |
| JOHNSON, GERTIE JOHNSON, JEROME | § |
| JOHNSON, MORRIS JOHNSON, CORNELIUS | § |
| JONES, CHRIS KENNEDY, LESTER KIMBLE, | § |
| ROY LACY, EVELIA LARA, JOSE LARA, ROBERT | § |
| LEADON, JOYCE LEE, RUBEN LEGUIZAMO, | § |
| JERRY LEWIS, MATTHEW LEWIS, LONNIE LOLLAR, | § |
| JEREMIAS LOPEZ, JOE LYLES, TIMOTHY MACK, | § |
| BILLY MACKEY, CHARLES R. MARTIN, | § |
| JERELENE MARTIN, LARRY MARTIN, | § |
| WILLIE A. MAYFIELD, ALTON L. McGEE, | § |
| GARY McGEE, CHARLES McKENZIE, | § |
| FREDDIE McLEMORE, SPAUNDER | § |
| MEDFORD, CESARIO MEDINA, EFREN | § |
| MEDINA, GARLAND D. MELTON, LORENZO | § |
| MENDEZ, AUGUSTINE MEYER, CLIFTON | § |
| MILES, BRYAN MIMS, JIMMIE L. MIMS, DAVID | § |
| MINIX, DAVID MIRANDA, CLYDE MITCHELL, | § |
| JOHNNY MITCHELL, GREGORY | § |
| MITCHELL, ALEJANDRO REYES MOLINA, | § |
| CUAUHTEMCO MOLINA, ELBERT MOORE, | § |
| VIRGILIO MORALES, DONALD MOTLEY, | § |
| LUIS ARAIZA MUNOZ, JOHNNY NEELEY, | § |
| JESUS OLMOS, JUAN R. ORTEGA, REFUGIO | § |
| PALACIO, MAXIMIA PALACIOS, JOSE | § |
| PEREZ, WILLIAM H. PINKE, WILLIE PINKE, | § |
| SABINO PRADO, JOHN PRATER, GEORGE | § |
| PRICE, ORLANDO PRICE, EDNA PRINTER, | § |
| ROBERT PUCKETT, OSCAR QUINTERO, LILIA | § |
| RAMIREZ, RAMON RAMOS, WILLIAM E. | § |
| REYNOLDS, TONY RIVERA, NICHOLAS ROAN, | § |
| RONNIE ROBERTS, ROBERT ROBERTSON, FELIPO | § |
| RODRIGUEZ, JOSE L. RODRIGUEZ, | § |
| FRANCISCO RUIZ, BOBBY RUNNEL, | § |

| | |
|---|---|
| LEOPOLDO SAENZ, DANNY SHACKELFORD, <br> TOMMY SHACKELFORD, LARRY SIMMONS, <br> CURTIS SIMPSON, JAMES SNOW, JR., <br> FERNANDO SORIANO, MANUEL SORIANO, JR., <br> WILLIAM SOWELLS, JR., ESTER STEVENS, <br> JOHNNY STEVENS, STEVE STONE, <br> EARNEST STREET, HENRY SWANSON, <br> CELIO TAPIA, RAYMOND TATE, THOMAS <br> TAYLOR, LARRY THOMPSON, VERNON <br> THOMPSON, DONALD TUCKER, TERRY <br> TUCKER, THOMAS TURNER III, OTIS TYESKIE, <br> CARL UNDERWOOD, JUAN VALDEZ, JORGE <br> VALDIVIA, FREDDIE WALKER, TOMMY <br> WALKER, ALFRED WASHINGTON, <br> J.D. WELDON, ERIC WHITE, MARCUS <br> WHITE, RICHARD WHITE, DAVE WILKERSON, <br> HOWARD WILKERSON, L.C. WILKERSON, ANGUS <br> WILLIAMS, BURNETT WILLIAMS, JR., <br> HOSEA WILLIAMS, JESSIE WILLIAMS, <br> JIMMIE L. WILLIAMS, SR., MARGARET J. <br> WILLIAMS, RODNEY WILLIAMS, DOYLE <br> WILLIS, MARY J. WILLIS, MORRIS WILLIS, <br> EARNEST R. WILSON, ROGER WOLFE, <br> WILLIE WOODARDS, WARNELL YOUNG, <br> and EMILIANO ZAVALA, et al. <br><br> VS <br><br> McWANE, INC. | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

### INTRODUCTION

1. The named Plaintiffs allege violations of the Fair Labor Standards Act ("FLSA") entitlement of the right to receive pay for all time worked for Defendant. Defendant has failed to pay Plaintiffs and others similarly situated for continuous workday activities which are integral and indispensable to their principal activities. Pursuant to 29 U.S.C. § 216 (b), some of the named Plaintiffs will be seeking to represent all other similarly situated past and present

employees, as described herein, who have not been properly paid for time spent in their continuous workday and to have this action certified as a collective action. For themselves and all those similarly situated, the named Plaintiffs seek their unpaid wages, overtime, liquidated damages, all available equitable relief, attorney fees, and litigation expenses/costs, including expert witness fees and expenses

## PARTIES

2. The named Plaintiffs are individuals who are current and former employees of the Defendant, McWane, Inc. The named Plaintiffs are CORLINE ALLEN, LORENZO AGUIRRE, THEOTIS ANDERSON, GERARDO AVALOS, CESAR AVILA, RODNEY ABRON, KAREY DON ACY, GILBERTO ALBITER, MANUEL ALFARO, FRANCISCO BAEZA, JOSEPH BAKER, JR., TOM BEASLEY, OSCAR BELL, RENALDO BELL, RICHARD BERRY, RAYMOND BICKERDIKE, JIMMY W. BLACK, SELAH BLACK, GABRIEL BORUNDA, MICHAEL BOWIE, DONALD BRIGHT, JOE BROOKS, WILLIE BROOKS, CLIFTON BROUSSARD, KEITH BROWN, DONALD BRYANT, CASIANO BUENO, GREGORY BUCKNER, RONNIE BUSSELL, CARLOTTA BUTLER, MARCUS CAIN, TODD CAMP, ARTURO CARDENAS, MAURILLO CARDENAS, ELIAS CARTER, HERMAN CARTER, CHARLES CATO, JOHANA CHACON, WILLIAM CHALK, ALLAN CLARK, JOHNNY COATS, THERMAN COBB, IRA COFER, CHARLES COLEMAN, MARK COOK, KATO COOPER, EDUARDO CORDOVA, GARY CRAWFORD, RAYMOND CROSS, SR., LEWIS CUMBY, JERRY DANIELS, JIMMIE DAVIS, ELIOT DAYE, ROBERTO DELGADO, JOHN A. DEWS, SHIRLEY

DIXON, RUDY E. DOTSON, HENRY DOUGLAS, THURMAN DUNCAN, CAMERON DUNLAP, ADAM DURAN, JUAN DURAN, ROBERT EARL, ROBERT G. EDWARDS, DEDRICK ELLIOTT, SR., ROLAND ELLIOTT, WARREN A. ELLIS, SR., CALVIN ELLISON, IVERY ENGLISH, CORTESS EVANS, RICKY FEATHERSTON, JUAN J. FLORES, LEOCADIO FLORES, PASCUAL FLORES, DERIC FOLKS, CHARLES L. FOMBY, JOHNNY FONZA, DEXTER FOSTER, RUBY FRAZIER, JAMES FULLER, FIDEL GALAVIZ, MIGUEL GALLEGOS, DOLORES GARCIA, JOSE GARCIA, MANUEL GARCIA, CLIFFORD GARDNER, JOHN A. GARDNER, DAVID L. GARRETT, GREGORIO GARZA, DOMINGO GODINES, JR., JESUS GODINES, FELIX GOMEZ, JOSE GOMEZ, JUAN A. GONZALES, JUAN J. GONZALEZ, JAMES CLIFFORD GOODWIN, ALBERT GRIFFIN, PATSY GRIFFIN, GEORGE HALL, GROVER HALL, ERIC HAMBRICK, AMOS HARMON, JR., WILMER J. HARMON, WILLIE HARRIS, NATHANIEL HAWKINS, DENNIS HAWLEY, JIMMY RAY HEAD, PAYTON C. HENDERSON, AGAPITO HERNANDEZ, JUAN HERNANDEZ, JEFFREY HITT, WILLIE HOWARD, KELLY HUMBER, MARCUS HURD, BENNIE JACKSON, JOHN JACOBS, WALTER JAMES, JR., WILL JENKINS, ANNIE FAYE JOHNSON, ARON JOHNSON, GERTIE JOHNSON, JEROME JOHNSON, MORRIS JOHNSON, CORNELIUS JONES, CHRIS KENNEDY, LESTER KIMBLE, ROY LACY, EVELIA LARA, JOSE LARA, ROBERT LEADON, JOYCE LEE, RUBEN LEGUIZAMO, JERRY LEWIS, MATTHEW LEWIS, LONNIE LOLLAR, JEREMIAS LOPEZ, JOE LYLES, TIMOTHY MACK, BILLY MACKEY, CHARLES R. MARTIN, JERELENE

MARTIN, LARRY MARTIN, WILLIE A. MAYFIELD, ALTON L. McGEE, GARY McGEE, CHARLES McKENZIE, FREDDIE McLEMORE, SPAUNDER MEDFORD, CESARIO MEDINA, EFREN MEDINA, GARLAND D. MELTON, LORENZO MENDEZ, AUGUSTINE MEYER, CLIFTON MILES, BRYAN MIMS, JIMMIE L. MIMS, DAVID MINIX, DAVID MIRANDA, CLYDE MITCHELL, JOHNNY MITCHELL, GREGORY MITCHELL, ALEJANDRO REYES MOLINA, CUAUHTEMCO MOLINA, ELBERT MOORE, VIRGILIO MORALES, DONALD MOTLEY, LUIS ARAIZA MUNOZ, JOHNNY NEELEY, JESUS OLMOS, JUAN R. ORTEGA, REFUGIO PALACIO, MAXIMIA PALACIOS, JOSE PEREZ, WILLIAM H. PINKE, WILLIE PINKE, SABINO PRADO, JOHN PRATER, GEORGE PRICE, ORLANDO PRICE, EDNA PRINTER, ROBERT PUCKETT, OSCAR QUINTERO, LILIA RAMIREZ, RAMON RAMOS, WILLIAM E. REYNOLDS, TONY RIVERA, NICHOLAS ROAN, RONNIE ROBERTS, ROBERT ROBERTSON, FELIPO RODRIGUEZ, JOSE L. RODRIGUEZ, FRANCISCO RUIZ, BOBBY RUNNEL, LEOPOLDO SAENZ, DANNY SHACKELFORD, TOMMY SHACKELFORD, LARRY SIMMONS, CURTIS SIMPSON, JAMES SNOW, JR., FERNANDO SORIANO, MANUEL SORIANO, WILLIAM SOWELLS, ESTER STEVENS, JOHNNY STEVENS, STEVE STONE, EARNEST STREET, HENRY SWANSON, CELIO TAPIA, RAYMOND TATE, THOMAS TAYLOR, LARRY THOMPSON, VERNON THOMPSON, DONALD TUCKER, TERRY TUCKER, THOMAS TURNER, III, OTIS TYESKIE, CARL UNDERWOOD, JUAN VALDEZ, JORGE VALDIVIA, FREDDIE WALKER, TOMMY WALKER, ALFRED WASHINGTON,

J.D. WELDON, ERIC WHITE, MARCUS WHITE, RICHARD WHITE, DAVE WILKERSON, HOWARD WILKERSON, L.C. WILKERSON, ANGUS WILLIAMS, BURNETT WILLIAMS, JR., HOSEA WILLIAMS, JESSIE WILLIAMS, JIMMIE L. WILLIAMS, SR., MARGARET J. WILLIAMS, RODNEY WILLIAMS, DOYLE WILLIS, MARY J. WILLIS, MORRIS WILLIS, EARNEST R. WILSON, ROGER WOLFE, WILLIE WOODARDS, WARNELL YOUNG, and EMILIANO ZAVALA.

All of the named Plaintiffs bring this action to recover unpaid compensation due to each of them under Sections 6 and 7 of the FLSA, 29 U.S.C. 206, 29 U.S.C. 207. Each of the named Plaintiffs has provided his or her Written Consent to participate in this litigation as required by 29 U.S.C. 216(b). The originals of all Written Consents signed by Plaintiffs are attached hereto as Exhibit A.

3. In addition to the Plaintiffs named herein, all other similarly situated persons, that is, all persons presently or formerly employed by Defendant in similar employment positions which are not exempt from the minimum wage and overtime requirements of the FLSA, are entitled to collectively participate in this cause of action by choosing to "opt in" and submit a Written Consent. This case is maintained as a collective action under and pursuant to the statutory requirements of the FLSA, 29 U.S.C. § 216(b). As soon as practicable after the commencement of this action and in accordance with the Local Rules of the Eastern District of Texas, named Plaintiffs will file, pursuant to 29 U.S.C. § 216(b), a Motion to Facilitate a Collective Action.

4. The Defendant is McWane, Inc., a Delaware corporation which is authorized and licensed to do business in the State of Texas, doing business and controlling and operating a cast iron pipe and fitting foundry in the Eastern District of Texas as well as many states in the United States. Defendant, McWane, Inc. can be served with process in this case by serving its registered

agent for service of process, CT Corporation System, located at 350 N. St. Paul Street, Dallas, Texas 75201. At all times relevant to this lawsuit, the Defendant has employed and continues to employ a substantial number of employees in non-exempt work at its foundry. Defendant's business operation in Smith County, Texas, is, at present, and was at all times relevant to this lawsuit, engaged in the performance of related activities through unified operation or common control for a common business purpose and is an enterprise within the meaning of 29 U.S.C. § 203(r). At all times relevant to this lawsuit, the Defendant has been and remains engaged in commerce within the meaning of 29 U.S.C. § 203(s)(6).

## JURISDICTION

5. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, 29 U.S.C § 216 (b) and 28 U.S.C. § 1337. This action arises under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq.

## FACTS

6. Defendant, McWane, Inc. is an employer and enterprise as those terms are defined by the FLSA.

7. At all times relevant hereto, Defendant has been an enterprise engaged in commerce and/or in the production of goods for commerce, as those terms are defined by the FLSA.

8. At all times relevant hereto, Defendant has been an employer subject to the wage and hour provisions of the FLSA.

9. Defendant has repeatedly and willfully violated, and continues to willfully violate, Sections 6 and 7 of the FLSA by failing to pay Plaintiffs and other similarly situated employees, or former employees, for the hours worked by such employees, including (1) failing to pay Plaintiffs straight time for certain hours subsumed within the forty (40) hour work week

("straight time") and (2) failing to pay Plaintiffs for hours in excess of forty (40) hours per week at a rate not less than one and one-half times the regular hourly rate of pay at which such employees are compensated ("overtime") 29 U.S.C. § 206, 29 U.S.C. § 207.

10     Plaintiffs are employed in positions which are not exempt from the requirements that they be compensated for their hours of work by the payment of straight time and overtime. Defendant has engaged in a practice of paying Plaintiffs only for work time spent from the designated beginning of a shift until the designated end of the shift. Significantly, Defendant has repeatedly and consistently failed to pay Plaintiffs for their work which is integral and indispensable to their principal activities in their continuous workdays.

11     Plaintiffs' workday begins at the time Plaintiffs don their personal protective equipment at assigned on site lockers or elsewhere on foundry premises. Defendant requires its employees to don certain equipment prior to the time the Plaintiffs report to their specific work station. Each Plaintiff is issued an on site locker by Defendant and is required to don the personal protective equipment at their locker assigned by Defendant. This personal protective equipment is unique to the position of a cast-iron foundry worker, and the donning of this personal protective equipment is a fundamental requirement of the work. The personal protective gear can include specialized foundry aprons, gloves, eye protective equipment (safety glasses, goggles, and/or face shields), hearing protection, respiratory protective equipment, rain gear, rubber boots, hard hat, leggins, spats, steel-toed boots and heat and fire-resistant coats and clothing. Despite the pay requirements of the FLSA, as interpreted by the United States Supreme Court, Defendant has utterly failed to compensate Plaintiffs for their time in donning the required personal protective equipment. 2 C.F.R. 760(a) (2005.).

12. After Plaintiffs don their required personal protective equipment, Plaintiffs walk to their specific work station. The walk of Plaintiffs is carefully restricted and controlled by Defendant. Plaintiffs, at certain times, clock in the Defendant's foundry by the use of their issued time card at a computerized time clock and then are required to carefully follow specific instructions, restricted walkways and warning signage, with regard to the walk to their specific work station. Due to the extremely large size of the Defendant's foundry facilities, as well as the hazardous nature of the foundry, the one-way walk to their specific work station is a long walk, and can take up to approximately twenty five (25) minutes of time. This walking time occurs after principal activities commence and before principal activities conclude each day. Defendant has failed and continues to fail to pay Plaintiffs for the time spent walking to their specific work station following the donning of the required personal protective equipment.

13. Once Plaintiffs arrive at their specifically designated work station, Plaintiffs are often required by their supervisor to wait a period of time until their work shift begins. Defendant has failed and continues to fail to pay Plaintiffs for the time spent under the direction and control of Defendant as Plaintiffs wait for the work shift to begin. 29 C.F.R. 790.7(h).

14. Numerous Plaintiffs are docked for a thirty (30) minute lunch break. Nevertheless, Defendant does not provide Plaintiffs with a thirty (30) minute break which is uninterrupted from the demands of the Defendant's supervisors. Again, Defendant has failed and continues to fail to provide certain Plaintiffs with an uninterrupted thirty (30) minute lunch break. 29 C.F.R. 785.19(a).

15. Upon the conclusion of the scheduled work shift, Plaintiffs are required to walk a long distance to return to their assigned locker in order to doff and store their required personal protective equipment. This walking time occurs after principal activities commence and before

principal activities conclude each day. Defendant has failed and continues to fail to pay Plaintiffs for their time spent walking from their specific work station until they doff their protective equipment.

16. Plaintiffs' wearing of hearing protection while working for Defendant was required by Defendant's company policies.

17. Plaintiffs' wearing of steel-toe shoes or boots while working for Defendant was required by Defendant's company policies

18. Plaintiffs' wearing of hard hats while working for Defendant was required by Defendant's company policies.

19. Plaintiffs' wearing of safety glasses while working for Defendant was required by Defendant's company policies.

20. Plaintiffs' wearing of hearing protection while working for Defendant is required by law

21. Plaintiffs' wearing of steel-toe shoes or boots while working for Defendant is required by law.

22. Plaintiffs' wearing of safety glasses while working for Defendant is required by law.

23. Plaintiffs' wearing of hard hats while working for Defendant is required by law

24. Plaintiffs' wearing of hearing protection while working for Defendant is pursued necessarily and primarily for the benefit of the employer and its business.

25. Plaintiffs' wearing of steel-toe shoes or boots while working for Defendant is pursued necessarily and primarily for the benefit of the employer and its business.

26. Plaintiffs' wearing of safety glasses while working for Defendant is pursued necessarily and primarily for the benefit of the employer and its business.

27  Plaintiffs' wearing of hard hats while working for Defendant is pursued necessarily and primarily for the benefit of the employer and its business.

28. Plaintiffs' wearing of hearing protection while working for Defendant is necessary for the performance of their duties for their employer.

29. Plaintiffs' wearing of steel-toe shoes or boots while working for Defendant is necessary for the performance of their duties for their employer.

30. Plaintiffs' wearing of safety glasses while working for Defendant is necessary for the performance of their duties for their employer.

31. Plaintiffs' wearing of hard hats while working for Defendant is necessary for the performance of their duties for their employer.

32. Defendants, despite the unambiguous requirements of the FLSA, as interpreted by the United States Supreme Court, has failed and continues to fail to pay Plaintiffs for their time spent doffing their required personal protective equipment. 2C.F.R. 760(a) (2005).

33. Due to the Defendant, McWane, Inc.'s company-wide policies, the Plaintiffs are required to work off the clock performing principal activities which are integral and/or indispensable to their work activities for a significant period of time each and every day which is in no way de minimus.

34  Once the Plaintiffs don their first piece of required protective equipment any subsequent waiting time or walking time is compensable as part of the work day.

## REQUESTED RELIEF

35. Plaintiffs have suffered and continued to suffer damages as a result of Defendant's failure and refusal to pay proper compensation, as shown above, because of the Defendant's continued violations of the FLSA. Plaintiffs are entitled to a judgment granting them damages in the

amount of the difference between the partial wages actually received by the Plaintiffs and the full wages they are entitled to recover under law, including all uncompensated straight time and overtime wages for hours worked for any activity that is integral and indispensable to their principal activities, including donning and doffing required personal protective equipment, all walking time that occurs after the beginning of the first principal activity and before the end of the Plaintiffs' last principal activity, and payment for the amount of time docked for the Plaintiffs' uninterrupted thirty (30) minute lunch break.

36. Plaintiffs, in addition to their claim for actual damages, seek injunctive relief from the Court to prevent future violations of the FLSA, as alleged herein. Plaintiffs urge the Court to enter a permanent injunction against Defendant directing it to pay all of its hourly employees for hours worked for any activity that is integral and indispensable to their principal activities, including donning and doffing required personal protective equipment, all walking time that occurs after the beginning of the first principal activity and before the end of the Plaintiffs' last principal activity, and payment for the amount of time docked for the Plaintiffs' uninterrupted thirty (30) minute lunch break.

## JURY DEMAND

37. Plaintiffs demand trial by jury.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that judgment be granted:

1. Certifying this matter as a collective action pursuant to 29 U.S.C. § 216 (b);
2. Ordering the Defendant to pay the Plaintiffs and all other similarly situated employees compensation due as a result of Defendant's violation of the FLSA;
3. Ordering Defendant to pay the Plaintiffs' liquidated damages;
4. Granting injunctive relief by ordering Defendant to comply with the requirements of the FLSA;

5. Ordering Defendant to pay Plaintiffs' costs of court in this action;
6. Ordering Defendant to pay Plaintiffs' reasonable attorneys' fees and litigation expenses/costs, including expert fees and expenses; and
7. Providing such other and further relief as is just and necessary.

Respectfully submitted,

Negem, Bickham & Worthington
440 South Vine Avenue
Tyler, Texas 75702
(903) 595-4466 (Telephone)
(903) 593-3266 (Facsimile)
Email: jnegem@negembickhamlaw.com

By: _____
Jimmy M. Negem
State Bar No. 14865500

-AND-

Tinsman & Sciano, Inc.
700 N. St. Mary's Street, Ste. 1400
San Antonio, Texas 78205
(210) 225-3121 (Telephone)
(210) 225-6235 (Facsimile)
Email: dsciano@tsslawyers.com

By: _____
DANIEL J. T. SCIANO
State Bar No. 17881200
***ATTORNEYS-IN-CHARGE FOR PLAINTIFFS***

-AND-

The Roth Law Firm
115 North Wellington, Ste. 200
Marshall, Texas 75670
(903) 935-1665 (Telephone)
(903) 935-1797 (Facsimile)
Email: ms@rothfirm.com

By: _____
MICHAEL C. SMITH
State Bar No. 18650410