FILED-CLERK
U.S. DISTRICT COURT

2006 NOV -7  PM 2: 29

TX EASTERN-MARSHALL

BY_____

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| CORLINE ALLEN, ET AL. | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:06-CV-158 (TJW) |
| | § | |
| MCWANE, INC., | § | |
| Defendant. | § | |

## MEMORANDUM ORDER

### I.    Introduction

Plaintiffs filed a Motion to Facilitate Section 216(b) Collective Action (#11)  A hearing on

the motions was held at which time the Court GRANTED the Plaintiffs' request for the Court to

facilitate the Notice process to all thirteen (13) of Defendant's facilities.  The court issues this order

to memorialize its reasons for granting the motion as to all of the facilities.

### II.    Factual Background

Plaintiffs filed this suit to recover unpaid wages, both straight time and overtime, for the

period from April 13, 2003, to the present.  Plaintiffs contend that Defendant did not compensate

employees for work performed pre- and post-shift, time putting on and taking off personal protective

gear and equipment, interrupted lunch breaks, and controlled time for walking to and from

workstations, in violation of the minimum wage and overtime provisions of the Fair Labor Standards

Act ("FLSA"), 29 U.S.C. §§ 206, 207.  *See IBP, Inc. v. Alvarez*, 546 U.S. 21 (2005).

### III.    Motion for Notice

Plaintiffs' motion is brought pursuant to the collective action provisions of the FLSA, 29

U.S.C. § 216(b).  Plaintiffs seek limited discovery and authorization to send Court-approved notices

to Defendant's employees.  Plaintiffs contend that employees in all of Defendant's facilities are

similarly situated in numerous ways because (1) they have or had similar job duties and titles, (2) they have or had the same hourly pay structure, (3) they all work or worked for the same company, and (4) they were all required by the same employer to work off the clock without being paid their regular rate and overtime.

In response, Defendant states that, to date, employees from only 3 of the proposed 13 facilities have filed written consents, and that Plaintiffs have submitted employee declarations from only 4 of the proposed 13 facilities.  Additionally, Defendant contends that each facility has different positions and requirements for the use of personal protective equipment unique to their own manufacturing procedures, and that there is no company-wide policy regarding the donning and doffing of personal protective equipment.

Plaintiffs subsequently filed employee declarations from employees of 2 additional facilities bringing the number of employee declarations to 6 out of the proposed 13 facilities.

## IV.    Discussion

The FLSA provides that an action may be brought by "one or more employees for and in behalf of himself or themselves and other employees similarly situated."  29 U.S.C. § 216(b). District courts have discretion to conditionally certify a collective action and to authorize the sending of notice to potential class members so that they may choose to "opt-in" to the suit.  *Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989).

Federal courts currently follow two different approaches for determining what "similarly situated" means in a collective action context under § 216(b): (1) the two-stage class certification described in *Lusardi v. Xerox, Corp.*, 118 F.R.D. 351 (D.N.J. 1987), and (2) the "Spurious Class Action" described in *Shushan v. Univ. of Colorado*, 132 F.R.D. 263 (D. Colo. 1990).  The Fifth

2

Circuit has discussed the two approaches, but has not adopted a specific approach. *Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1212 (5th Cir. 1995). The *Lusardi* two-step approach is the prevailing test among federal courts, however, and the Court will apply it in this case. *Barnett v. Countrywide Credit Indus., Inc.*, 2002 WL 1023161, at *1 (N.D. Tex. 2002); *Neagley v. Atascosa County EMS*, 2005 WL 354085, *3 (W.D. Tex. 2005).

Under this approach, certification for collective action is divided into two stages: (1) the notice stage; and (2) the opt-in or merits stage. *Mooney*, 54 F.3d at 1213-14. In the notice stage, the court makes a decision, based on the pleadings and affidavits, on whether notice of the action should be given to putative class members. *Id.* This decision typically results in "conditional certification" of a representative class. *Id.* at 1214.

The plaintiffs bear the burden of presenting preliminary facts showing that a similarly situated group of potential plaintiffs exist. *See D'Anna v. M/A-Com, Inc.*, 903 F. Supp. 889, 893-94 (D.Md. 1995). This preliminary factual showing must be based on competent evidence in order to avoid stirring up unwarranted litigation. *Id.* at 894. Because the court has minimal evidence, however, the court makes the determination using a fairly lenient standard. The standard requires nothing more than substantial allegations that the putative class members were victims of a single decision, policy, or plan. *Mooney*, 54 F.3d at 1214, 1214 n.8 (citing *Sperling v. Hoffman-La Roche, Inc.*, 118 F.R.D. 392, 407 (D.N.J. 1988)). In addition, the plaintiffs need only show that their positions are similar, not identical. *Riojas v. Seal Produce, Inc.*, 82 F.R.D. 613, 616 (S.D. Tex. 1979). The court should satisfy itself that there are other employees of the defendant who are "similarly situated" with respect to their job requirements and pay provisions. *Dyback v. State of Fla. Dept. of Corrections*, 942 F.2d 1562, 1567-68 (11th Cir. 1991) Furthermore, in assessing the

3

plaintiff's allegations, the court should consider factors such as whether potential plaintiffs were identified, whether affidavits of potential plaintiffs were submitted, and whether evidence of a widespread plan was submitted. *H&R Block, Ltd. v. Housden*, 186 F.R.D. 399, 400 (E.D. Tex. 1999) (internal citations omitted).

Notice is appropriate if the court concludes that there is "some factual nexus which binds the named plaintiffs and potential class members together as victims of a particular alleged [policy or practice]." *Villatoro v. Kim Son Restaurant, L.P.*, 286 F. Supp. 2d 807, 810 (S.D. Tex. 2003). Therefore, a court can foreclose a plaintiff's right to proceed collectively only if the action relates to specific circumstances personal to the plaintiff rather than any generally applicable policy or practice. *Burt v. Manville*, 116 F.R.D. 276, 277 (D. Colo. 1987).

The second stage of the *Lusardi* approach, or the opt-in or merits stage, is typically precipitated by the defendant's motion for "decertification" after discovery has largely been completed and the matter is ready for trial. *Mooney*, 54 F.3d at 1214. With more information, the court can now make a factual determination on the similarly situated question, and decide whether to allow the representative action to proceed to trial or to decertify the class and dismiss, without prejudice, the opt-in plaintiffs. *Id.* If the court decertifies the class, the original plaintiffs would proceed to trial on their individual claims. *Id.*

In this case, the court is only at the notice stage. Plaintiffs have shown a sufficient factual nexus which binds the proposed class to a particular policy or practice. Plaintiffs submitted affidavits and declarations of individuals who desire to opt-in, and who are similarly situated because they perform substantially the same tasks. These include the donning and doffing of protective gear, walking to and from workstations, waiting time prior to the beginning of a shift, and performing

4

other pre- and post-shift work. *See Exhibits C-P attached to Plaintiff's Motion to Facilitate Section 216(b) Collective Action*; *Affidavits in Support of Plaintiff's Motion to Facilitate Section 216(b) Collective Action (Docket #23, Docket #25)* The affidavits and declarations come from current employees of the Defendant who work at 6 different facilities in 4 different states. *Id.* Although different facilities may have different rules and procedures, the basic tasks performed by the employees were all similar. *See Id.* In addition, the Plaintiffs allege that the employees were not paid for time spent on these tasks. *Id.* The employees have similar pay structure because they were all paid hourly. *Id.*; *Plaintiff's Motion to Facilitate Section 216(b) Collective Action ("Plaintiff's Motion")* at 5, 11. Finally, all facilities are owned by the same company. *Id.* at 2-3.

Defendant's primary objection is that Plaintiffs have not submitted proof from all of the facilities. Although the affidavits and declarations do not encompass all of the Defendant's facilities, the Court finds that the Plaintiffs have come forward with competent evidence that similarly situated potential plaintiffs exist. The evidence is sufficient to meet the lenient standard for giving notice to potential class members.

This case is different from *Basco v. Wal-Mart Stores Inc*, 2004 WL 1497709 (E.D. La. 2004). In *Basco,* the plaintiffs sought certification of a class of hourly employees who worked at Wal-Mart or Sam's Club stores. *Id.* at \*2. The plaintiffs contended that the defendant's payroll control and budgeting system and bonus plan for store managers based on profitability resulted in corporate policy denying overtime to hourly employees. *Id.* at \*6. The court denied the plaintiffs' motion for conditional class certification because the effects of the policy were "particularized," and not uniformly or systematically implemented at any given store. *Id.* at \*7. Here, there is sufficient evidence of commonality among employment actions, such as the requirement of donning and

5

doffing of protective hear without compensation, to permit conditional certification. It is significant that employees of 6 of the 13 commonly-owned facilities have filed declarations in this case. For notice purposes, the court finds that Plaintiffs have satisfied their burden to demonstrate that a company-wide policy existed

Therefore, the court grants the Plaintiffs' Motion to Facilitate Section 216(b) Collective Action for all thirteen (13) of Defendant's facilities. The court has, by separate order, approved a form of notice after considering the parties' submissions.

So **ORDERED** and **SIGNED** this 7th day of November, 2006.

T. JOHN WARD
UNITED STATES DISTRICT JUDGE